## W. Q. & K. D. BATEMAN v. W. G. McCREIGHT.

(No. 5287.)

DAMAGES, ATTACHMENT, probable cause for will not entitle defendant to.

APPEAL from Mitchell county. Opinion by WATTS, J.

In order to entitle appellee to recover exemplary damages the burden was upon him to show that the writ of at-

tachment had been maliciously sued out and levied upon his property. There is not one single circumstance disclosed by the record tending to show that essential fact. It is an admitted fact that Cleveland Bros. were indebted to appellants in the amount claimed by them in the attachment suit, and it clearly appears from the evidence that they sold to appellee all the property they were known to have, and immediately left the country without paying appellants' claim. It appears that appellee knew at the time of the purchase from Cleveland Bros. of their indebtedness to appellants, and ought to have known that the purchase by him of the stock of groceries embraced all the property they were known to possess. It was upon these facts that appellants acted in suing out the attachment and having the same levied upon a portion of the stock of groceries then in the possession of appellee. In our opinion there was probable cause for suing out the attachment and the seizure of the property. The evidence not only fails to show any wrongful intent in having the attachment issued and levied, but affirmatively shows the existence of probable cause for having the seizure made.

As to the other branch of the case it may be appropriately remarked that if Cleveland Bros., in making the sale, intended thereby to hinder, delay or defeat their creditors, then the sale as to them would be fraudulent. And if appellee knew of this intention at the time of purchase, or was in possession of such facts as would have satisfied a reasonably cautious person of the existence of such intent, he will be held as having participated in the fraud. See Chief Justice Wheeler's remarks in case of Humphries v. Freeman, 22 Tex., 50.

REVERSED AND REMANDED.